UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

D-13, GARY LEE NELSON,

      Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

# **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a Third Superseding Indictment was filed on or about July 13, 2012, which charged Defendant Gary Lee Nelson with violating 18 U.S.C. §1962(d) (Count One: Racketeer Influenced Corrupt Organization-Conspiracy).

WHEREAS, on September 25, 2014, Defendant Gary Lee Nelson ("Defendant") entered into a Rule 11 Plea Agreement, wherein he pled guilty to violating 18 U.S.C. §1962(d) as alleged in Count One of the Third Superseding Indictment.

WHEREAS, in his Rule 11 Plea Agreement and pursuant to 18 U.S.C. § 1963(a)(1)-(3), Defendant agreed to the forfeiture of (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in

Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including the following:

(a) Devils Diciples plaque (1B Item 873);

(b) Devils Diciples chrome trophy marked "2006" (1B Item 875);

(c) Devils Diciples street sign (1B Item 876);

(d) Devils Diciples Blue Water mirror, wooden (1B Item 877);

(e) Devils Diciples paperwork and photographs (1B Item 878);

(f) Gray duffel bag with two Devils Diciples shirts and Devils Diciples vest with Devils Diciples patches (1B Item 879);

(g) Gray duffel bag, "Slick Rick" with two Devils Diciples flags and two Devils Diciples tee shirts (1B Item 880);

(h) Eleven framed Devils Diciples pictures, three wooden plaques, medal Devils Diciples emblem, National By-Law and Chapter list (1B Item 881);

(i) Thirteen Devils Diciples plaques (1B Item 882);

(j) Gray crate with Devils Diciples clock, two Devils Diciples tee shirts, numerous Devils Diciples patches, Devils Diciples belt buckle, leather, Devils Diciples cup, Devils Diciples headband and Devils Diciples vest with misc. Devils Diciples patches (1B Item 884);

(k) Devils Diciples mug (cracked) (1B Item 886);

(l)   F.T.W. patch (1B Item 888);

(m)   Two motorcycle helmets with Devils Diciples stickers (1B Item 889);

(n)   Two Devils Diciples hats and Devils Diciples stickers (1B Item 890); and

(o)   One Devils Diciples jacket, nylon (1B Item 891)

(hereinafter referred to as the "Subject Property").

WHEREAS, in his Rule 11 Plea Agreement, Defendant agreed to the Court's entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Property and agreed that the forfeiture order would become final as to Defendant at the time it is entered.

NOW, THEREFORE, pursuant to 18 U.S.C. § 1962 and Fed.R.Crim.P. 32.2, and based upon Defendant's guilty plea to Count One of the Third Superseding Indictment, the contents of Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Defendant shall forfeit to the United States (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which

Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, which includes the Subject Property.

2. Pursuant to 18 U.S.C. § 1963(a)(1)-(3), the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the information and agreements contained in Defendant's Rule 11 plea agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and Defendant's offense.

4. As agreed in Defendant's Rule 11 plea agreement, Defendant shall not

    a)    Contest, or assist anyone else in contesting, the forfeiture of all of the firearms, silencers and ammunition, U.S. Currency, motorcycles, slot machines, tools, computers, thumb drives, laptops, cameras, monitors, electronic equipment, "Colors" including but not limited to center wheel, vests, pins and patches, clothing, merchandise, jewelry, paraphernalia, and

other personal property bearing any Devil's Diciples' labeling, markings, logos or symbols, that were seized in connection with the investigation of this case, as well as those seized in connection with the investigation and prosecution of *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan, in any forfeiture action or proceeding.

      b)      Contest, or assist anyone else in contesting, the forfeiture of the real properties that are the subject of the following civil actions: *United States v. One Parcel of Real Property Known as 43653 Gratiot, Clinton Township, Michigan*, Case No. 09-cv-11208 and *United States v. One Parcel of Real Property Known as 2424 Little Street, Port Huron, Michigan*, Case No. 09-cv-11212, United States District Court, Eastern District of Michigan.

      c)      Contest, or assist anyone else in contesting, the forfeiture of all Devil's Diciples' websites, markings, service marks, trademarks, names and "Colors," in any forfeiture action or proceeding.

      d)      Contest the forfeiture of, or file a petition or claim in connection with, any property that the government seeks to forfeit from any other defendant in this case, and from any defendant in *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan.

5. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

7. Pursuant to 18 U.S.C. § 1963(l), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(l)(2), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Pursuant to 18 U.S.C. § 1963(l)(3), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent

of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.  Pursuant to 18 U.S.C. § 1963(l)(1), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

8. The United States is hereby authorized, pursuant to 18 U.S.C. § 1963(k) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

9. Pursuant to 18 U.S.C. § 1963(l)(7), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 18 U.S.C. § 1963(l)(2) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

10. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: August 4, 2016

s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge